# UNITED STATES DISTRICT COURT
# NOTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| Linda Harding<br>602 Sheila Ave. NW<br>New Philadelphia, OH 44663<br><br>    Plaintiff,<br><br>v.<br><br>Check Processing, LLC<br>c/o John F. Saunders, Registered Agent<br>1531 Cesery Blvd.<br>Jacksonville, FL 32211<br><br>    Defendant. | Case No.:<br><br>Judge:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY, AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. On or around May 25, 2010, Defendant telephoned Plaintiff's mother ("Mother").

8. During this communication, Defendant disclosed the existence, nature, and/or amount of the debt to Mother.

9. During this communication, Defendant falsely represented to Mother that there was a lawsuit filed against Plaintiff.

10. During this communication, Defendant falsely represented that Plaintiff would be arrested if Plaintiff did not return Defendant's telephone call by 1:00pm.

11. During this communication, Defendant falsely represented that a felony warrant had been issued for Plaintiff's arrest at 12:00pm that day.

12. On or around May 25, 2010, Plaintiff telephoned Defendant.

13. During this communication, Defendant falsely represented that Plaintiff would be jailed if the debt was not paid.

14. During this communication, Defendant represented that Plaintiff committed a felony.

15. At the time of this communication, Defendant had neither the intent nor ability to have Plaintiff arrested.

16. At the time of these communications, Defendant had neither the intent nor ability to issue a warrant for Plaintiff's arrest.

17. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

18. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

19. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

20. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and disclosed that Plaintiff owed the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. Defendant violated 15 U.S.C. §1692e in that it falsely represented the character, amount, and/or legal status of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. Defendant violated 15 U.S.C. §1692e in that it threatened action that could not legally be taken and/or that was not intended to be taken.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. Defendant violated 15 U.S.C. §1692e by making misrepresentations during its communications with Plaintiff.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## COUNT SEVEN

### Invasion of Privacy by Public Disclosure of a Private Fact

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. Defendant released information which was private to Plaintiff and concerned Plaintiff's private life to Plaintiff's mother.

33. Defendant's disclosure of Plaintiff's debt, accusation of a crime, and the threat of legal action to this person is highly offensive.

34. The information disclosed is not of legitimate concern to the public.

## JURY DEMAND

35. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

36. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Public Disclosure of a Private Fact.

    c. For such other legal and/or equitable relief as the Court deems appropriate.

                RESPECTFULLY SUBMITTED,

                Macey & Aleman, P.C.

                By: */s/ Richard J. Meier*
                Richard J. Meier, Esq.
                233 S. Wacker Drive, Suite 5150
                Chicago, IL 60606
                Tel: 1.866.339.1156
                Fax: 1.312.822.1064
                rjm@legalhelpers.com
                *Attorney for Plaintiff*