# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| LINDA HARDING, ) | CASE NO. 5:10CV2359 |
| ) | |
| PLAINTIFF, ) | JUDGE SARA LIOI |
| ) | |
| vs. ) | |
| ) | |
| CHECK PROCESSING, LLC, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| ) | |
| DEFENDANT. ) | |
| ) | |

Before the Court is plaintiff's motion for default judgment pursuant to Fed. R. Civ. P. 55(b). (Doc. No. 11.) Although defendant has been served with a copy of the motion (*see* Doc. No. 11, Certificate of Service), as well as the Clerk's earlier entry of default (*see* Doc. No. 7 and mailing notice dated 1/11/11),[1] it has not made an appearance nor filed any opposition to the motion.

## I. BACKGROUND

On October 15, 2010, plaintiff Linda Harding filed a Complaint for damages under the Fair Debt Collection Practices Act (FDCPA or the Act). She also asserted a claim for invasion of privacy. (Doc. No. 1.) In the Complaint, plaintiff alleged that she is a "consumer" within the meaning of 15 U.S.C. § 1692a(3), that she incurred a "debt" as defined by § 1692a(5) and that defendant is a "debt collector" as defined by § 1692a(6). (Compl. ¶¶ 2, 3, 5.)

---

[1] Defendant was served with the summons and complaint by personal service on December 13, 2010. (Doc. No. 5.)

Plaintiff alleges that, on or about May 25, 2010, defendant telephoned plaintiff's mother and disclosed the existence, amount and nature of plaintiff's debt. Defendant falsely represented that there was a lawsuit filed against plaintiff and that plaintiff would be arrested if she did not return defendant's telephone call by 1:00 p.m. Defendant also falsely represented that a felony warrant had been issued for plaintiff's arrest at 12:00 p.m. that day. (Compl. ¶¶ 7-11.)

Plaintiff promptly returned defendant's telephone call on or about May 25, 2010. During that call, defendant falsely represented that plaintiff would be jailed if the debt was not paid and that she had committed a felony. (Compl. ¶¶ 12-14.) Plaintiff claims that defendant damaged her emotionally and mentally and caused her substantial anxiety and stress. (Compl. ¶ 17.)

Defendant was served with the summons and complaint by personal service on December 13, 2010 (Doc. No. 5) but failed to move or otherwise plead in response. On January 11, 2011, plaintiff applied to the Clerk for entry of default and the same was entered that day. (Doc. Nos. 6, 7.) A copy of the default entry was mailed by the Clerk to defendant's registered agent in Jacksonville, Florida. (*See* Docket Entry dated 1/11/11.) On March 11, 2011, plaintiff filed the instant motion for default judgment, which was served on the registered agent by regular mail. (Doc. No. 11.) There has been no response to the motion from the defendant and no attempt to set aside the entry of default.

## II. DISCUSSION

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed.R.Civ.P. 55(a). After the default has been entered, the party

seeking relief from the defaulting party may apply to the court for a default judgment. Fed.R.Civ.P. 55(b).

"As a general rule, a 'default judgment establishe[s], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint.' *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.* 687 F.2d 182, 186 (7th Cir. 1982). Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983), cited by *Trice v. Lake & Country Real Estate*, 831 F.2d 1064 (Table), 1987 WL 38852, at * 2 (6th Cir. Oct. 29, 1987).

A plaintiff who establishes a violation of FDCPA, as has plaintiff herein, may recover (1) "any actual damage" resulting from defendant's violation of the Act, 15 U.S.C. § 1692k(a)(1); (2) "such additional damages as the court may allow, but not exceeding $1,000[ ]", 15 U.S.C, § 1692k(a)(2)(A); and (3) "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3).

In her motion for default judgment, plaintiff seeks "actual damages" in the amount of $25,000.00, statutory damages (i.e., "such additional damages") in the amount of $1,000.00, and attorney's fees and costs in the amount of $2,105.00 ($415.00 for costs; $1,690.00 for attorney's fees).

In support of her motion for default judgment and for damages, plaintiff has submitted an affidavit wherein she asserts that she has "a serious heart condition." (Doc. No. 11-3, ¶ 1.) She further attests:

> 5. I was very worried that I would go to jail and my husband would have to tell my special needs child that I went because we couldn't afford to pay

    an old bill. I was also concerned that my heart condition would not be taken care of in jail.

6.  The stress caused by [defendant's] threats caused my heart condition to worsen. I had syncope attacks as a result of this stress. When this occurs, I pass out due to high levels of stress. It was incredibly stressful not knowing where the money would come from to keep me out of jail and what would happen to me if I were to go to jail.

(*Id*, ¶¶ 5, 6.)

  While the FDCPA does not define "actual damages," it is commonly accepted that a prevailing plaintiff may recover for emotional distress damages. In so doing, the plaintiff need not satisfy the state law elements of emotional distress. *Davis v. Creditors Interchange Receivable Mgt., LLC*, 585 F.Supp.2d 968, 970-76 (N.D. Ohio 2008) (analyzing why state tort law requirements are not applicable to FDCPA).

  Taking as true the allegations of the complaint and further considering the assertions in plaintiff's affidavit, the Court concludes that plaintiff is entitled to *some* amount of damages for her undoubted emotional distress. However, there is no basis to award the $25,000.00 she seeks. Although she claims that an existing heart condition was exacerbated by the emotional distress of the situation and that she suffered syncope attacks (fainting), she has not submitted any corroborating evidence, medical or otherwise, and she has not even attempted to explain how she arrived at the figure of $25,000.00.

  "Where, as here, the plaintiff's own testimony is his only evidence of emotional damages, he must explain the circumstances of his injury in reasonable detail and not rely on conclusory statements, unless the facts underlying the case are so inherently degrading that it would be reasonable to infer that a person would suffer emotional distress from the defendant's action." *Wantz v. Experian Information Solutions*, 386 F.3d 829, 834 (7th Cir. 2004) (citation

and internal quotation marks omitted) (abrogated on other grounds by *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47 (2007)).

In view of the fact that defendant contacted a third party (plaintiff's mother) and disclosed the fact, amount and nature of the debt, the Court concludes that this was at least in some small degree "inherently degrading" to the plaintiff. The average adult person would find it "degrading" to have her private financial circumstances communicated to her parent. The Court further concludes that, in light of the limited record, an award of $5,000.00 would sufficiently compensate plaintiff for the emotional distress she suffered. *See Perkons v. American Acceptance, LLC*, No. CV-10-8021-PCT-PGR, 2010 WL 4922916 (D.Ariz. Nov. 29, 2010) (awarding $5,000.00 where plaintiff sought $20,000.00 for emotional distress).

Plaintiff also seeks the maximum amount of $1,000.00 in statutory damages. In determining an appropriate amount of statutory damages, the court "shall consider, [. . .] the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional[.]" 15 U.S.C. § 1692k(b)(1). In view of the fact that there were several purposeful violations of FDCPA alleged in the Complaint and, further, that these allegations are all taken as true, the Court finds it appropriate to award the full $1,000.00 in statutory damages.

Finally, plaintiff seeks costs in the amount of $415.00 ($350.00 for the filing fee plus $65.00 for the process server) and attorney's fees in the amount of $1,690.00 (4.5 attorney hours billed at $250/hour; 0.3 attorney hours billed at $300/hour; 3.8 paralegal hours billed at $175/hour). "'A district court has broad discretion to determine what constitutes a reasonable hourly rate for an attorney.'" *Dowling v. Litton Loan Servicing LP*, 320 Fed. Appx. 442, 447 (6th Cir. 2009) (quoting *Wayne v. Vill. of Sebring*, 36 F.3d 517, 533 (6th Cir. 1994)). In *Dowling*, the

court upheld a district court's award of attorney's fees at an hourly rate of $300 in a action brought under the FDCPA. Here, the award sought is based mostly on a $250.00 rate. The Court has examined plaintiff's counsel's affidavit in support of the fees sought and finds both the fees and the time spent to be reasonable. Accordingly, plaintiff is entitled to recover the fees and costs that she seeks.

### III. CONCLUSION

For the reasons discussed above, the Court finds that plaintiff, Linda Harding is entitled to damages in the following amounts:

| | | |
|---|---|---|
| Actual damages | -- | $5,000.00 |
| Statutory damages | -- | $1,000.00 |
| Costs | -- | $415.00 |
| Attorney's fees | -- | $1,690.00 |
| **TOTAL** | -- | $8,105.00 |

Accordingly, default judgment is granted in favor of plaintiff, Linda Harding, and against defendant, Check Processing, LLC. in the amount of $8,105.00, plus interest at the statutory rate.

**IT IS SO ORDERED**.

Dated: March 22, 2011

                                             **HONORABLE SARA LIOI**
                                             **UNITED STATES DISTRICT JUDGE**